IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

C. MICHAEL CHIASSON,  PLAINTIFF
as Trustee of Searex, Inc.

VERSUS  CIVIL ACTION NO.  1:04cv628-JMR-JMR

NORTHROP GRUMMAN SHIP  DEFENDANTS
SYSTEMS, INC., and UNKNOWN
OFFICERS AND DIRECTORS OF
NORTHROP GRUMMAN SHIP
SYSTEMS, INC.

## MEMORANDUM OPINION

This matter is before the Court on the Defendant's Motion [119-1] for Summary Judgment which is accompanied by a Memorandum in Support [120-1].  The Plaintiff has filed a Motion [133-1] in Opposition. The Court, being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds the Defendant's Motion [119-1] Summary Judgment should be granted in part and denied in part.

## STATEMENT OF CASE

The case involves the performance of a vessel construction contract between Northrop Grumman Ship Systems ("NGSS") and Searex Inc. ("Searex"). The contractual relationship was plagued from the start and had to be amended twice.  According to Searex, NGSS' failure to satisfy its contractual obligations, demands to increase the price of completion, and delivery delays caused Searex to attempt to remove the Vessels from NGSS' facility in December 1999.  NGSS allegedly barred Searex from removing the vessels.  Searex later filed for relief under Chapter 11 of the Bankruptcy Code in January of 2000, and was unable to fulfill its financial obligations to NGSS. As a result, NGSS dismantled the vessels in order to ship them to another ship yard so that NGSS

could continue with its business.  Searex later was forced to file for Chapter 7 Bankruptcy citing the dismantling of the ships as the main reason why it could not reorganize under Chapter 11.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987).  "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.  Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion.  *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986).  To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986).  To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact.  *See Howard*, 783 F.2d at

1315.

## ANALYSIS

The Trustee's Complaint asserts causes of action under both Mississippi and Louisiana law for the tortious destruction of the vessels and related equipment, conversion and breach of contract. In their Memorandum in Support [120-1] for Summary Judgment, NGSS argues that they should be granted summary judgment on the Trustee's tort claims. The Court must apply Mississippi's choice of law rules in determining which state's law will apply to the Trustee's tort claims. *See Marascalco v. Intl Computerized Orthokeratology Society, Inc.*, 181 F.R.D. 331, 337 (N.D. Miss 1998). It is well settled law that a federal court sitting in diversity must apply the choice of law rule of the forum in which it sits. *See Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 120, 85 L.Ed.1477 (1941). As its choice of law rules, Mississippi follows the Second Restatement of Conflicts of Laws, more commonly referred to as the "center of gravity" test. *See Mitchell v. Craft*, 211 So.2d 509, 512 (Miss. 1968). Under the Mississippi test, the main inquiry is which state has the most substantial contacts with the parties and the subject matter of the action. *See Boardman v. United Servs. Auto Ass'n*, 470 So.2d 1024, 136 (Miss. 1985). Mississippi is where the contract was to be performed, where the alleged tortious destruction of the vessels took place, and where NGSS is located. Thus, this Court finds that Mississippi law applies to the Trustee's tort claims.

NGSS argues that they should be granted summary judgment on the Trustee's Conversion claim. The thrust of the Trustee's conversion claim is that NGSS converted Searex's property when it disassembled the vessels in August 2000. A conversion is an interference with the owner's rights of such a substantial nature that the defendant can justly be compelled to pay the entire value of the property. *PACCAR Fin. Corp. v. Howard*, 615 So.2d 583, 587 (Miss. 1993). A conversion may occur in a variety of circumstances, such as 1) wrongful possession; 2) exercise of dominion in

exclusion or defiance of owner's rights; 3) unauthorized and injurious use; and/or 40 wrongful detention after demand. *First Investor's Corp. v. Rayner*, 738 So.2d 228, 234 (Miss. 1999).

NGSS asserts that because the vessels could have been reassembled and used for their intended purpose, the disassembly was not a conversion. NGSS also asserts that they can not be held liable for conversion because Searex abandoned the vessels and that NGSS was privileged to disassemble and remove the vessels. NGSS further argues that the Trustee's conversion claim must fail because they have no admissible evidence of damages. In his Response [133-1], the Trustee refutes all of these claims and raises many disputed issues of material fact.

Having carefully read the pleadings and reflected upon the exhibits attached to the pleadings, this Court finds that there exists genuine issues of material fact in regards to the Trustee's conversion claims. Furthermore, in regards to NGSS' claims regarding damages, this Court has previously held that considering the alleged impossibility of arriving at the fair market value of the vessels, capitalized construction costs may serve as the Plaintiff's alternate method for computing damages in this action. Thus, NGSS is denied summary judgment as to the Trustee's conversion claims.

In their Memorandum in Support [120-1] for Summary Judgment, NGSS argues that they are entitled to summary judgment on the Trustee's breach of contract claim. NGSS avers, and the Court agrees, that although the Trustee claims that NGSS breached its contract with Searex when it disassembled the vessels, the Trustee has never specified what provisions, terms or amendments NGSS allegedly breached. The Trustee's Complaint contains the language that NGSS committed a "bad faith breach of contract" *See* Adversary Complaint, attached as Exhibit 26 to Trustee's Response [133-1]. When asked to clarify this claim in an interrogatory, the Trustee simply responded that NGSS' destruction of the vessels was "a bad faith breach of contract." The Trustee's failure to offer evidence that a breach actually occurred entitles NGSS to summary judgment on the

contract claim.  The Court finds that no genuine issue of material fact exists on the Trustee's contract claim.  Accordingly, NGSS is granted summary judgment in regards to the Trustee's breach of contract claim.

In their Memorandum in Support [120-1] for Summary Judgment, NGSS argues that the Trustee may not be awarded punitive damages based on the disassembly of the vessels.  Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed only with caution and within narrow limits. *See Mississippi Power & Light v. Cook*, 832 So.2d 474 (Miss. 2002).  Punitive damages are only appropriate in the most egregious cases so as to discourage similar conduct and should be awarded only in cases where the actions are extreme. *See Neider v. Franklin*, 844 So.2d 433 (Miss. 2003).  However, punitive damages may be awarded for conversion of another's property if there is evidence of acts which are willful, malicious, or oppressive. *See West v. Combs*, 642 So.2d 917, 921 (Miss. 1994).

NGSS claims that they were not motivated by anything more than legitimate business purposes when they disassembled the vessels. *See* Memorandum in Support [120-1] at 26.  The Trustee claims that NGSS' destroyed the vessels without any comprehensive plan and without consideration for how they may be reassembled. *See* Response [133-1] at 30.  Regardless of the process employed by NGSS in disassembling the vessels, the Court finds that the conduct of NGSS does not rise to the level required to support a punitive damage award under Mississippi law. Accordingly, NGSS is entitled to summary judgment in regards to punitive damages.

In their Memorandum in Support [120-1] for Summary Judgment, NGSS argues that they are entitled to summary judgment on its counterclaim for undisputed unpaid billings.  NGSS filed a counterclaim for earned but unpaid contract billings in the amount of $9,002,305.  NGSS asserts that under the plain language of the contract, Searex became liable on each invoice when it was

submitted for payment, regardless of the fact that the project was not ultimately completed. *See* Memorandum in Support [120-1] at 27. NGSS further claims that the Trustee is liable to NGSS for the invoices because NGSS substantially performed the work reflected on each of the unpaid invoices. *Id.* at 28.

Substantial performance exists when "there is not literal, full or exact performance in every slight or unimportant detail, but performance of all important particulars." *Standard Mill Work & Supply Co. v. Miss Steel & Iron Co.*, 38 So.2d 448, 450 (Miss. 1949). The Trustee asserts that the contract in question was not even close to being substantially complete and that substantial performance simply does not exist int his case. *See* Response [133-1] at 32. The Court finds that genuine issues of material fact exist which preclude granting NGSS summary judgment in regards to NGSS' counterclaim. Accordingly, summary judgment on NGSS' counterclaim for undisputed unpaid billings is denied.

## CONCLUSION

Based on the forgoing analysis, this Court is of the opinion that NGSS' Motion [119-1] for Summary Judgment should be granted in part and denied in part. NGSS is denied summary judgment as to the Trustee's conversion claims as well as its counterclaim for undisputed unpaid billings. NGSS is granted summary judgment in regards to the Trustee's breach of contract claim and in regards to punitive damages.

This the  22nd  day of June, 2007.

                                                              s/John M.. Roper
                                        CHIEF UNITED STATES MAGISTRATE JUDGE